UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA ROSHETSKI,

    Plaintiff,

v.                                                                    Case No:   2:15-cv-324-FtM-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Cynthia Roshetski, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), the parties filed legal memoranda in support of their positions, and Plaintiff filed a Response to Defendant's Memorandum (Doc. 22). For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for a period of disability, DIB, and SSI on August 19, 2011, alleging disability beginning June 16, 2011. (Tr. 166-69, 170-78). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 113-17, 119-24, 128-32, 134-38). A hearing was held before Administrative Law Judge William M. Manico (the "ALJ") on June 19, 2013. (Tr. 38-52). On September 16, 2013, the ALJ issued his decision finding that Plaintiff was not under a disability from June 16, 2011, through the date of the decision. (Tr. 24-37). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on December 23, 2014. (Tr. 8). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on May 29, 2015. The parties having filed memorandum in support of their positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 16, 2011, the alleged onset date. (Tr. 26). At step two, the ALJ found that Plaintiff had the following severe impairments: affective disorder and cognitive organic mental disorder NOS. (Tr. 14). At step three, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels, but the claimant's work is limited to unskilled work, with simple instructions where interactions with others are routine, superficial, an incidental to the work performed. The claimant needs a regular work break approximately every two hours. The claimant should not do fast-paced assembly work.

(Tr. 29). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a housekeeper, as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 32). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 16, 2011, through the date of the decision September 16, 2013. (Tr. 33).

**II.     Analysis**

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff's schizophrenia was a severe impairment; (2) whether the ALJ erred by failing to consider whether Plaintiff's condition meets or equals Listing 12.05C; (3) whether the ALJ's opinion weight findings and RFC finding are supported by substantial evidence; and (4) whether the ALJ erred by finding that Plaintiff's moderate limitations in concentration, persistence, or pace only limit her to work requiring simple, routine, repetitive tasks. The Court will address each issue in turn.

**(a) Whether the ALJ erred by failing to find that Plaintiff's schizophrenia was a severe impairment.**

Plaintiff argues that the ALJ erred by failing to find that Plaintiff's schizophrenia was a severe impairment. (Doc. 13 p. 11). Plaintiff contends she has suffered from schizophrenic

symptoms her entire life, but those symptoms were left untreated by her family. (Doc. 13 p. 11). Thus, according to Plaintiff, it was erroneous for the ALJ to reject her schizophrenia as a severe impairment on the basis that it is uncommon for a diagnosis of schizophrenia to manifest late in life. (Doc. 13 p. 11-12). Plaintiff argues that Plaintiff's schizophrenia causes limitation of functioning and that the ALJ's failure to include schizophrenia as a severe impairment is reversible error. (Doc. 13 p. 13).

In response, Defendant argues that Plaintiff failed to meet her burden of proving her schizophrenia was a severe impairment and the ALJ properly determined that Plaintiff's schizophrenia was not severe. (Doc. 19 p. 3). Further, Defendant notes that the ALJ found in Plaintiff's favor at step two and proceeded with other steps of the sequential evaluation process. Thus, Defendant contends, under Eleventh Circuit case law, the requirements of step two were satisfied and the ALJ committed no reversible error. (Doc. 19 p. 5).

At issue here is step two of the ALJ's disability determination, where severity is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the Court finds that the ALJ did not commit reversible error at step two of the sequential evaluation process. The ALJ found at step two that Plaintiff had the severe impairments of affective disorder and cognitive organic mental disorder NOS. (Tr. 14). Thus, the ALJ found in Plaintiff's favor at step two and proceeded with the other steps of the sequential evaluation process. Because the ALJ found that Plaintiff had at least some severe impairments, any error in failing to find that Plaintiff had additional severe impairments was rendered harmless. *Packer v. Comm'r of Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013).

**(b) Whether the ALJ erred by failing to consider whether Plaintiff's condition meets or equals Listing 12.05C.**

Plaintiff argues that the ALJ erred by failing to properly consider whether Plaintiff meets the requirements of Listing 12.05. (Doc. 13 p. 14). Plaintiff contends that she meets the listing for intellectual disability, Listing 12.05C, and that the ALJ was incorrect in finding that there are no records to support the onset of intellectual disability before age 22 and by relying on a non-examining state agency consultant's opinion that one of her scores was inconsistent with the diagnosis of borderline intellectual functioning. (Doc. 13 p. 14).

Defendant argues that Plaintiff failed to meet her burden of proving that her impairments met Listing 12.05C. (Doc. 19 p. 8). Specifically, Defendant contends that Plaintiff failed to

show that she met the diagnostic description in the introductory paragraph of Listing 12.05, particularly the requisite deficits in adaptive functioning before age 22. (Doc. 19 p. 8).

The Listings of Impairments describe, for each major body system, impairments that the SSA considers disabling regardless of age, education, and work experience. 20 C.F.R. § 404.1515(a). An individual is disabled if her impairment "meets" a Listing (satisfies all of the criteria of the listing) and meets the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)).

Listing 12.05 provides in relevant part:

> Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation on function [.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The introductory material to the mental disorders listing clarified Listing 12.05, stating:

> The structure of the listing for intellectual disability (12.05) is different from that of the other mental disorder listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, [the Commissioner] will find that your impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00A. Therefore, a claimant must show that his impairments meet all of the criteria listed both in the introductory paragraph of Listing 12.05C and in subsection

C.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00A, 12.05.  To be considered for disability benefits under section 12.05, a claimant must (1) have a valid verbal, performance, or full scale IQ of 60 through 70; (2) a significant work-related limitation on function; and (3) deficits in adaptive behavior which manifested before age 22.

In his opinion, the ALJ noted that he considered whether Plaintiff met 12.05C and found that she did not.  (Tr. 29).  The ALJ explained, "[f]or the claimant's mental retardation, while there was an indication that the claimant is limited cognitively by low I.Q. scores, there are no records to support the onset of an intellectual disability before age 22 (Exhibit 9F/4, *See* Exhibit 1E-15F, 6A:7)."  (Tr. 27).

In the Eleventh Circuit, absent evidence of a sudden trauma, an I.Q. test taken after the age of 22 creates a rebuttable presumption of a fairly constant I.Q. throughout life and is evidence of an onset of intellectual disability before age 22.  *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001).  Here, the record indicates that Plaintiff was assessed a Full Scale I.Q. of 68 by Dr. Noble Harrison on October 24, 2011.  Given the presumption established in *Hodges*, this I.Q. score constitutes evidence of intellectual disability before age 22.  Thus, the ALJ was incorrect to find that "there are no records to support the onset of an intellectual disability before age 22." (Tr. 27).  As in *Hodges*, the ALJ did not recognize the presumption that the claimant had initially met her burden of establishing an impairment under Listing 12.05C.  This failure constitutes reversible error.  *Id.* at 1269.

In her brief, Defendant does not acknowledge the presumption established by the Eleventh Circuit in *Hodges*, but nevertheless argues that Plaintiff's education and work history demonstrate that Plaintiff did not manifest adaptive deficits before age 22.  This argument is rejected as Defendant is engaging in prohibited *post hoc* rationalization to support the ALJ's decision.  The

Eleventh Circuit has stated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 2326, 41 L.Ed. 141 (1974)).

For these reasons, the Court finds it appropriate to remand this case for further proceedings before the ALJ who is assume the rebuttable presumption that Plaintiff's mental impairment began before age twenty-two. *See Hodges*, 276 F.3d at 1269.

Given the ALJ's error at step three, the Court defers from addressing the issues of whether the ALJ's opinion weight findings and RFC finding are supported by substantial evidence and whether the ALJ erred by finding that Plaintiff's moderate limitations in concentration, persistence, or pace only limit her to work requiring simple, routine, repetitive tasks.

### III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

*(signature)*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties